IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LEE BAUER,

        Plaintiff,                    No. 2:11-cv-2864 LKK EFB P

        vs.

RAFAEL MIRANDA, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff proceeds on an Eighth Amendment deliberate indifference to medical needs claim against defendants Miranda and Clark. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b), on the ground that plaintiff failed to exhaust available administrative remedies prior to filing suit. Dckt. No. 19. For the following reasons, defendants' motion must be granted.

**I.    Exhaustion under the PLRA**

       The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government

1

1  officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v.*
2  *Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d
3  Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the
4  claims the plaintiff has included in the complaint, but need only provide the level of detail
5  required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v.*
6  *Nussle*, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials
7  "time and opportunity to address complaints internally before allowing the initiation of a federal
8  case").

9      Prisoners who file grievances must use a form provided by the California Department of
10 Corrections and Rehabilitation, which instructs the inmate to describe the problem and outline
11 the action requested. The grievance process, as defined by California regulations, has three
12 levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code
13 Regs. tit. 15, § 3084.7. Administrative procedures generally are exhausted once a plaintiff has
14 received a "Director's Level Decision," or third level review, with respect to his issues or claims.
15 *Id.* § 3084.1(b).

16     Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731,
17 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other
18 critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be
19 "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying
20 on *Booth*, the Ninth Circuit has held:

21       [A] prisoner need not press on to exhaust further levels of review once he has
      received all "available" remedies at an intermediate level of review or has been
22       reliably informed by an administrator that no remedies are available.

23 *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

24     Failure to exhaust is an affirmative defense in the sense that defendants bear the burden
25 of proving plaintiff did not exhaust available remedies. *Wyatt v. Terhune*, 315 F.3d 1108, 1119
26 (9th Cir. 2003). To bear this burden:

> a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted).

Defendant's motion to dismiss included a notice to plaintiff informing him of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies. *See Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Stratton v. Buck*, 2012 U.S. App. LEXIS 19647, at *7-8 (9th Cir. Sept. 19, 2012); *Wyatt v. Terhune*, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).

**II.    Discussion**

Defendants' motion to dismiss for failure to exhaust administrative remedies relies entirely upon the allegations and exhibits attached to plaintiff's complaint. *See* Dckt. No. 19. In his opposition, plaintiff also relies solely on his complaint.[1]  *See* Dckt. No. 26.

In the complaint, plaintiff alleges that he filed an administrative appeal regarding his claims against defendants Miranda and Clark. Dckt. No. 1 at 1-2. The complaint states that the appeal was denied at the first level of review, and shows that plaintiff did not pursue the appeal at either the second or third levels of review. *See id.* at 2. In response to the question on the form complaint asking whether the "last level to which [plaintiff] appealed [was] the highest level of appeal available to [plaintiff]," plaintiff checked the "No" box. *Id.* For this reason, defendants argue that plaintiff's complaint should be dismissed because he conceded that he did

---

[1] Plaintiff's surreply, filed January 2, 2013 (Dckt. No. 31), is disregarded, as the Federal Rules of Civil Procedure and the court's local rules contemplate only the filing of a motion, an opposition, and a reply.

3

not exhaust available administrative remedies prior to filing suit. Dckt. No. 19-1 at 3; *see Wyatt*, 315 F.3d at 1120 (stating that a prisoner's concession to nonexhaustion is a valid ground for dismissal of an action).

Plaintiff's concession in this regard could be a valid ground for dismissal. *See Wyatt*, 315 F.3d at 1120 ("A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies."). However, an inmate's failure to exhaust under the PLRA may be excused where "circumstances render administrative remedies effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1224, 1226 (9th Cir. 2010) (finding that the plaintiff was excused from exhausting administrative remedies where he took "reasonable steps" to exhaust his claim, but was precluded from exhausting because of a mistake made by the warden).

Here, as defendants acknowledge, plaintiff implicitly argues in his complaint that relief beyond the first level of review "became effectively unavailable to him." Dckt. No. 19-1 at 3. According to the allegations in the complaint, plaintiff never received the response to his appeal from the first level of review. Dckt. No. 1-1 at 1. He claims that on July 1, 2010, he was notified that a response to his appeal was due by August 13, 2010. *See id.*, Exs. A, E. The complaint shows that on October 15, 2010, after not receiving any response to his appeal, plaintiff wrote a letter to Prison Health Care Services inquiring into the status of his appeal. *See id.*, Ex. E (explaining that he had been paroled on July 21, 2010, and that his appeal had not been forwarded to his parole officer). In a letter dated November 22, 2010, an official from Prison Health Care Services informed plaintiff that the could contact his parole officer for assistance. *Id.*, Ex. E.

Three months later, on February 20, 2011, plaintiff filed a second administrative appeal. *Id.*, Ex. A. In that appeal, plaintiff explained that he had still not received a response to his original administrative appeal even though it had been due on August 13, 2010. *Id.* He requested information regarding the outcome of the original appeal. *Id.* In March of 2011,

plaintiff was informed that his February 20, 2011 appeal was rejected as untimely because there was too great of a time lapse between August 13, 2010 and February 20, 2011, when plaintiff filed the appeal. *See id.* (citing to then existing section 3084.6(c)(4) of title 15 of the California Code of Regulations, which imposed a 15 day time limit). Plaintiff was also informed of the procedures for obtaining a copy of his appeal from his "c-file," or central file. *Id.* At some point, plaintiff received the first-level response to his appeal, as it is attached to the complaint, and is stamped "C-FILE COPY" *Id.*, Ex. B. On September 8, 2011, plaintiff filed the instant complaint. Dckt. No. 1. at 4.

Defendants argue that plaintiff should not be excused from the exhaustion requirement because he did not comply with the deadlines and procedural rules that govern the inmate grievance process. Dckt. No. 19-1 at 4; *see Woodford*, 548 U.S. at 90. First, defendants argue that plaintiff failed to comply with institutional deadlines when he failed to timely file an administrative appeal after not receiving the first level response that was due on August 13, 2010. Second, defendants contend that plaintiff failed to follow procedural rules by sending a letter to Prison Health Care Services over two months later, rather than filing an administrative appeal. Third, defendants argue that plaintiff's February 20, 2011 appeal was appropriately screened out because it was submitted late. Finally, defendants argue that even after receiving instructions about obtaining the first-level response to his original appeal, plaintiff did nothing to pursue the exhaustion of his administrative remedies. Defendants contend that if plaintiff did not receive the first-level response to his original administrative appeal, as alleged in his complaint, he could have retrieved it from his central file as instructed in March of 2011, and been permitted to submit it to the second level of review within 30 calendar days. *See* Cal. Code Regs. tit. 15, §§ 3084.2(c), 3084.8(b)(3) (if inmate is not satisfied with first level response, he has 30 calendar days from the day he *received* the response to submit an appeal to the second level of review through the appeals coordinator at the institution).

////

1  Based on the foregoing, the court finds that defendants have met their burden of showing
2 that the possibility of further administrative relief remained available to plaintiff.  The burden
3 therefore shifts to plaintiff to produce evidence that demonstrates either exhaustion or
4 circumstances excusing exhaustion.  *See Sapp v. Kimbrell*, 623 F.3d 813, 823-24 (9th Cir. 2010).

5  In his opposition, plaintiff merely argues that his complaint demonstrates that he
6 exhausted his administrative remedies.  *See* Dckt. No. 26.  As discussed, however, plaintiff's
7 complaint does not demonstrate that he exhausted his administrative remedies or that he should
8 be excused from exhaustion.  The complaint shows that prior to commencing this action,
9 plaintiff received the first-level appeal response but never sought further review at the second or
10 third levels.  With his opposition, plaintiff does not submit evidence demonstrating that he
11 sought further administrative relief after receiving the first-level response, or that he otherwise
12 made "every effort to make full use of the prison grievance process" before filing this lawsuit.
13 *Nunez*, 591 F.3d at 1226.

14  The court finds that defendants' motion to dismiss should be granted because defendants
15 have met their burden of raising and proving that plaintiff failed to exhaust his administrative
16 remedies and plaintiff has not shown that his failure to exhaust should be excused.  *See Wiseman*
17 *v. Hernandez*, No. 08-cv-1272 LAB, 2011 U.S. Dist. LEXIS 33401, at *6-7 (S.D. Cal. Mar. 25,
18 2011) (failure to exhaust not excused where plaintiff claimed he never received a meaningful
19 response to his first level appeals, but did receive a response to his second level appeal, and
20 failed to pursue relief at the final level of review); *Godoy v. Wadsworth*, No. CV 05-02913 NJV,
21 2010 U.S. Dist. LEXIS 5836, at *17 (N.D. Cal. Jan. 26, 2010) ("The record is not sufficient to
22 excuse exhaustion where Plaintiff hasn't shown that administrative procedures were unavailable,
23 that prison officials obstructed his attempt to exhaust or that he was prevented from exhausting
24 because procedures for processing grievances weren't followed.") (internal quotation marks
25 omitted); *Davis v. Evans*, Case No. C 05-4678 JF (PR), 2008 U.S. Dist. LEXIS 108352, at *4
26 (N.D. Cal. Mar. 25, 2008) (no exhaustion where "Plaintiff admits that after receiving no

1 response from his initial documentation and letter . . . for five months, he simply filed the instant
2 complaint. It is clear at the very least that Plaintiff has not pursued his appeal through the
3 director's level of review.'").

4     Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss this
5 action without prejudice for failure to exhaust administrative remedies (Dckt. No. 19) be granted.

6     These findings and recommendations are submitted to the United States District Judge
7 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
8 after being served with these findings and recommendations, any party may file written
9 objections with the court and serve a copy on all parties. Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
13 Dated: February 25, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE